UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-81127 CIV-MARRA

WILLIE ANDREWS,
SHERMAN BOSTWICK,
ANTWON BROWN,
DONALD BROWN,
JOSEPH BROWN III,

          Plaintiffs,

vs.

HARDRIVES OF DELRAY, INC.,
CRAIG ELMORE,
GEORGE ELMORE,

          Defendants.

_____/

**<u>PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR
ENTRY OF FINAL JUDGMENT
AND
INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs by and through undersigned counsel, respectfully move this Honorable Court pursuant to federal and local rules for the above requested relief and as grounds thereof state as follows:

**<u>INTRODUCTION</u>**

1. Plaintiffs and Defendants recently resolved this FLSA case and this Honorable Court entered an order approving the FLSA settlement. [D.E. 45].

2. Since then, Plaintiffs have tendered releases to Defendant and despite same, Defendants have inexplicably failed to tender payment.

3. Telephone inquiries and e-mails were sent to opposing counsel in attempt to resolve the matter but no responses have been received.

4.  Consequently, Plaintiffs were necessitated in having to file the instant motion.

### MEMORANDUM/DISCUSSION

5.   A settlement agreement is a contract and disputes respecting a settlement agreement are resolved according to the principles applicable to contracts generally.  See, for e.g., Byrum v. Bear Inv. Co., 936 F.2d 173, 175 (4th Cir.1991); Armstrong v. Davis, 275 F.3d 849, 876 (9th Cir.2001); Howard v. America Online, Inc., 208 F.3d 741, 747 (9th Cir.2000);  Core-Vent Corp. v. Implant Innovations, Inc., 53 F.3d 1252, 1258 (Fed.Cir.1995).

6.  District courts have inherent authority, deriving from their equity power, to enforce settlement agreements.  Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir.2002); *see, also*  Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir. 1993). A court may enforce a settlement agreement within the context of the underlying litigation without the need for a new complaint. *Id*. When asked to enforce a settlement agreement, a district court should engage in two distinct inquiries. First, the court should ascertain whether the parties have in fact agreed to settle the action. Moore v. Beaufort County, N.C., 936 F.2d 159, 162 (4th Cir.1991). Once the court determines that the parties have agreed to settle, the court must discern the terms of that settlement. *Id*.

7.  Judge Scott, in Reed By and Through Reed v. U.S., 717 F.Supp. 1511 at 1515 (S.D.Fla. 1988), further addressed the law as such:

Any consideration of the settlement agreement must commence with the recitation of two basic rules of analysis (1) compromises of disputed claims are favored by the courts, Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir.1967) ( citing Williams v. First National Bank of Pauls Valley, 216 U.S. 582, 30 S.Ct. 441, 54 L.Ed. 625 (1910); Gilliam v. Alford, 69

Tex. 267, 6 S.W. 757 (1887)).FN6 See also <u>United States v. McInnes</u>, 556 F.2d 436, 441 (9th Cir.1977) (stating that courts "are committed to the rule that the law favors and encourages compromise settlements.") ( citing <u>Richards Construction Co. v. Air Conditioning Co. of Hawaii</u>, 318 F.2d 410 (9th Cir.1963)); and (2) "[w]here the parties acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what result might, or would have been, had the parties chosen to litigate rather than settle." <u>Cia Anon Venezolana</u>, 374 F.2d at 35 ( citing Hennessy v. Bacon, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605 (1890))....

8. Finally, as Judge King wisely stated in <u>Sea-Land Service, Inc. v. Sellan</u>, 64 F.Supp.2d 1255, 1260 (S.D.Fla. 1999):

Public policy strongly favors the enforcement of pretrial settlement agreements in all types of litigation. <u>Matter of Munford</u>, 97 F.3d 449 (11th Cir.1996). "A settlement is, after all, intended to resolve litigation, not proliferate or protract it." <u>Naumann v. Cambridge Tankers, Inc.</u>, 1988 AMC 1996 (E.D.Pa.1988). To foster settlements, the settling parties must have legal assurance that the other party will not pursue any further litigation.

## CONCLUSION

In light of the public policy that favors settlement, honoring of such agreements, and assurance that there will not be further litigation on settled matters between said respective parties, it is thus respectfully requested that the Court upon due consideration GRANT Plaintiffs' instant Motion and the decree sought herein, and enforce the parties' very simple and clear settlement agreements.[1] Plaintiffs further request an award of attorney's fees and costs associated with bringing this motion.

---

[1] Plaintiffs have not attached the settlement agreements as they have confidentiality provisions. Plaintiffs can either submit the agreements in-camera, file them under seal or simply file the agreements with the Court should the Court be inclined to enter final judgment.

## CERTIFICATE OF CONFERRAL

Plaintiffs' counsel hereby certifies that prior to filing this instant motion, that he has attempted to confer with opposing counsel as required by S.D.L.R. 7.1. Opposing counsel has not responded to these inquiries.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 14, 2013 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Loren Law Group
320 South State Road  7
Suite 300
Plantation, FL 33317
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409

## SERVICE LIST

Jones, Foster, Johnston & Stubbs, P.A.
John S. Trimper, Esquire
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
Phone:        (561)659-3000
Fax:          (561)650-5300
VIA CM/ECF:  jtrimper@jones-foster.com