UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81127-CIV-MARRA

WILLIE R. ANDREWS,
SHERMAN BOSTWICK,
ANTWON BROWN,
DONALD BROWN,
JOSEPH BROWN, III,
MICHAEL MACOMBER,
WINDSOR MATHALIER,
JAMES NANCE, and
BARRY WILLIAMS,

    Plaintiffs,

vs.

HARDRIVES OF DELRAY, INC.,
CRAIG ELMORE,
GEORGE ELMORE,

    Defendants.
_____/

**ORDER**

    This cause is before the Court upon Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Final Judgment and Incorporated Memorandum of Law (DE 46). Defendants responded. (DE 47). Plaintiffs replied. (DE 48). The Court has considered the briefs of the parties and is otherwise advised in the premises.

    On January 31, 2013, after conducting a hearing and approving the settlement between the parties as being fair and reasonable, the Court dismissed the above-styled cause. (DE 45). The Court retained jurisdiction to enforce the terms of the settlement agreement. *Id.* Plaintiff now moves to enforce the settlement agreement and for entry of final judgment against Defendants because Defendants have failed to tender payment. Defendants respond by arguing that "economic exigencies

are such that the Defendants will require additional time to fund the settlement in full." The continued financial ability of Defendants to perform was not a contingency of the settlement approved by the Court. Nor is the present lack of financial ability to perform a justifiable excuse or defense to enforcement of the settlement agreement. It is undisputed that Defendants have failed to comply with the terms of the settlement. Plaintiffs are entitled to the benefit of their bargain.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Final Judgment and Incorporated Memorandum of Law (DE 46) is **GRANTED.** Judgment shall be entered separately.[1]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 2nd day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge

---

[1] Plaintiffs request an award of attorney's fees and costs associated with bringing the instant motion. "[F]ederal courts possess the inherent power to . . . provide for the award of attorneys' fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47–48 (1991)). "[A] court may assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers*, 501 U.S. at 45–46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). If Plaintiffs seek attorneys' fees, the Court will consider briefing on the issue of whether Defendants' conduct in this case constitutes bad faith justifying an award of fees to Plaintiffs. Plaintiffs shall file a motion to that effect if they so choose. Defendants' response and Plaintiffs' reply may be filed in accordance with the local rules.